IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Tonia L. Lewis
Plaintiff

Civil Action No: 1:20 cv 00062

v.

Federal Bureau of Prisons
Defendant

Federal Prison Camp Alderson
Defendant

C. Snuffer
Defendant

J. Wade
Defendant

Counselor V. Booher
Defendant

Warden M.E Reherman
Defendant

Special Investigator Supervisor, Officer Broce
Defendant

DHO, Officer Leslie
Defendant

Unknown Agent #1
Defendant

Unknown Agent #2
Defendant

Unknown Agent #3
Defendant

Unknown Agent #4
Defendant

Lieutenant Workman
Defendant

Lieutenant Vargos
Defendant

Lieutenant Osgood
Defendant



FILED
JAN 27 2020
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Officer Blake
Defendant

Officer Atkins
Defendant

Officer C. Richards
Defendant

Officer Pat
Defendant

I. Plaintiff, Tonia L. Lewis is a resident of and Federal Prison inmate confined in the Federal Prison in Bruceton Mills, WV. Plaintiff brings this civil rights action to redress the deprivation under color of Federal Law of rights, privileges, and immunities secured to plaintiff by provisions of the First, Fifth and Eighth Amendments to the United States Constitution.. Plaintiff alleges that she was denied Due Process of Law by the false statements of F.B.O.P.. witnesses and by denial of her own exculpatory witnesses with respect to the F.B.O.P. incident report dated 9-17-2019 and that such acts, policies and practices are shocking to the conscience of civilized persons and intolerable in a society purportedly governed by laws and considerations of due process.

II. This Courts jurisdiction is invoked pursuant to 28 USC 1331, 1343(a)(3) and (4) 2201 and 2202 and Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). The asserted rights and interest of the Plaintiff exceed $75,000.00, exclusive of interest and costs. The substantive claims in this action arise under 42 USC 1983 and the First, Fifth and Eighth Amendments to the United States Constitution.

III. Plaintiff, Tonia L. Lewis is a citizen of the United States and a resident of Bruceton Mills, WV. At all times pertinent to this action, Plaintiff was and has been incarcerated at the Federal Prison within the custody and control of the Defendant and his employees.

IV. Defendant Kathleen Hawk-Sawyer is a citizen of the United States and is and always has been, at all times pertinent to this action, Director of the Federal Bureau of Prisons, and is responsible for the administration, operation and supervision of federal prisons and facilities and for the promulgation and enforcement of rules, regulations, policies and practices relevant to such institutions. Defendant is sued in her individual and official capacity.

Defendant M.E. Reherman is a resident of the State of West, VA and is and always has been at all times pertinent to this action Warden, Federal Prison Camp Alderson. Defendant is sued in her indiviual and official capacity.
Defendant V. Booher is a resident of West, VA and is and always has been at all times pertinent to this action Counselor. Defendant is sued in her individual and official capacity..
Defendant Workman is believed to be a resident of the State of West VA and is and always has been at all times pertinent to this action Lieutenant. Defendant is sued individually and in her official capacity.
Defendant Vargos is believed to be a resident of the State of West, VA and is and always has been at all times pertinent to this action Lieutenant. Defendant is sued individually and in his official capacity.
Defendant Osgood is believed to be a resident of the State of West VA and is and always has been at all times pertinent to this action Lieutenant. Defendant is sued individually and in her official capacity.
Defendant SIS Broce is believed to be a resident of the State of West VA and is and always has been at all times pertinent to this action Special Investigating Supervisor. SIS Broce is sued individually and in his official capacity.
Defendant Officer Leslie is believed to be a resident of the State of West VA and is and always has been at all times pertinent to this action Disciplinary Hearing Officer. Defendant is believed to be employed at F.C.I Beckley in Beckley, WV. Defendant is sued individually and in her official capacity.
Defendant C. Richardson is believed to be a resident of the State of West, VA and is and always has been at all times pertinent to this action Correctional Officer. Defendant is sued individually and in her official capacity.
Defendant Blake is believed to be a resident of the State of West, VA and is and always has been at all times pertinent to this action Correctional Officer. Defendant is sued individually and in her official capacity.
Defendant Atkins is believed to be a resident of the State of West, VA and is and always has been at all times pertinent to this action Correctional Officer. Defendant is sued individually and in her official capacity.
Defendant Pat is believed to be a resident of the State of West, VA and is believed to be a Correctional Officer/Food Service and is and always has been at all times pertinent to this action Officer. Defendant is sued in her individual and official capacity.
Defendant C. Snuffer is believed to be a resident of the State of West, VA and is and always has been at all times pertinent to this action Unit Manager at Federal Prison Camp Alderson. Defendant is sued individually and in his official capacity.

Unknown Name Agent #1 is believed to be a resident in the State of West VA and is and always has been at all times pertinent to this action Correctional Officer at Federal Prison Camp Alderson. Unknown Agent #1 provided a written adverse statement against Plaintiff. Unknown Agent #1 is sued in his/her individual and official capacity.

Unknown Agent #2 is believed to be a resident in the State of West, VA and is and always has been at all times pertinent to this action Correctional Officer at Federal Prison Camp Alderson. Unknown Agent #2 provided a written adverse statement against Plaintiff. Unknown Agent #2 is sued in his/her individual and official capacity.

Unknown Agent #3 is believed to be a resident of the State of West, VA and is and always has been at all times pertinent to this action a Correctional Officer at Federal Prison Camp Alderson. Unknown Agent #3 provided a written adverse statement against Plaintiff. Unknown Agent #3 is sued in his/her individual and official capacity.

Unknown Agent #4 is believed to be a resident in the State of West, VA and is and always has been at all times pertinent to this action Correctional Officer at Federal Prison Camp Alderson. Unknown Agent #4 compromised Plaintiff's legal mail, legal related research materials and documents. Unknown Agent #4 is sued in his/her individual and official capacity.

V. Commencing on or about the 17th day of September, 2019, Plaintiff Tonia L. Lewis was confined at the Federal Prison at Federal Prison Camp Alderson, Alderson, West, VA pursuant to criminal proceedings in federal court in Alexandria, Virginia District Court

VI. During and since 9-17-2019 Plaintiff has attempted to rebut the false allegations and charges and obtain exculpatory evidence as hereinafter more fully appears as:
-on 9/26/2019 at Unit Disciplinary Hearing, Plaintiff requested of Unit Manager C. Snuffer to host an open-house so that witnesses could come forth or provide written statements. Plaintiff was denied.
-on 11/1/2019 at Disciplinary Hearing, Plaintiff requested of Disciplinary Hearing Officer Leslie and Plaintiff's Staff Representative Officer Pat to host an open-house so that inmate witnesses could come forward and/or provide statements. Plaintiff was was denied
-Plaintiff has attempted to appeal the "Assault w/o Serious Injury" charge through the F.B.O.P. administrative remedy program. Initial remedy was rejected by Regional falsely

VII. Defendant, his agents and employees, with knowledge of Plaintiffs legal matters and/or deliberate indifference to Plaintiff's constitutional rights Defendant did violate rights secured to the Plaintiff under the first, Fifth, and Eight Amendments to the United States Constitution and continues to do so.

VIII. Defendant, his agents and employees, with knowledge of Plaintiff's legal needs and/or with deliberate indifference to such legal needs, have acted or failed to act in such manner as to prevent Plaintiff from obtaining legal documents and/or prevent needed legal documents into Plaintiff's possession. Such acts and omissions of the Defendant violate rights secured to the Plaintiff under the First, Fifth and Eighth Amendments to the United States Constitution.

IX. The Defendant's above-mentioned actions and/or omissions were deliberately indifferent and/or negligent and/or reckless and/or intentional.

X. The Defendants above-mentioned actions and/or omissions were committed under color of law and/or pursuant to policies, customs, practices, rules, regulations, ordinances, statutes and/or usages of federal government.

XI. Plaintiff has no adequate and sufficient remedy at law with which to address the wrongs alleged in this complaint and will continue to suffer irreparable injury from the conduct of Defendants unless she is granted the equitable relief prayed for.

XII. As a direct and proximate result of the above described actions and omissions of Defendants, Plaintiff has suffered general damages in amounts in excess of $75,000.00 exclusive of interest and costs, the exact amounts of which will be proven at trial.

XIII. The acts, conduct and behavior of Defendants were performed knowingly, intentionally and maliciously by reason of which Plaintiff is also entitled to an award of punitive damages in the sum of $5,000.000.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court determine and enter judgment declaring that the acts and omissions of the Defendant's, as set forth above, violated rights secured to Plaintiff by the First, Fifth and Eighth Amendments to the United States Constitution.

2. That upon hearing, the court issues a Preliminary and Permanent Injunction: (i)Enjoining the Defendants, his employees, agents and successors in office from denying Plaintiff access to the courts and her Fifth and Eighth Amendment rights to Due Process of Law;

3. That the Court award general damages to Plaintiff;

4. That the Court award punitive damages to Plaintiff;

5. That the Defendant's be required to pay the legal costs and expenses in this action, including reasonable provision for Plaintiff's attorney/legal fees;

6. That the Court grant such further and additional legal relief that is appropriate.

Respectfully submitted,

*Tonia L. Lewis*
Tonia L. Lewis
Plaintiff