IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| TONIA L. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Civil Action No. 1:20-00062 |
| ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On February 10, 2020, Plaintiff, acting *pro se*, filed her Application to Proceed Without Prepayment of Fees or Costs (Document No. 4) and an Amended Complaint for alleged violations of her constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971) (Document No. 5).[1] On May 18, 2020, Plaintiff filed her Corrected Amended Complaint. (Document No. 7.) In her Corrected Amended Complaint, Plaintiff names the following as Defendants: (1) Federal Bureau of Prisons; (2) Federal Prison Camp Alderson; (3) C. Snuffer, Unit Manager; (4) J. Wade, Officer/Unit Secretary; (5) Counselor V. Booher; (6) Warden M.E. Reherman; (7) Officer Broce, Special Investigator Supervisor; (8) DHO Officer Leslie; (9) Unknown Agent #1, Correctional Officer; (10) Unknown Agent #2, Correctional Officer; (11) Unknown Agent #3, Correctional Officer; (12) Unknown Agent #4, Correctional Officer; (13) Lieutenant Workman; (14) Lieutenant Vargos; (15) Lieutenant Osgood; (16) Correctional Officer Blake; (17) Correctional Officer Atkins; (18) Correctional Officer C. Richards; (19)

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Correctional Officer Pat, Food Service; and (20) Kathleen Hawk-Sawyer, Director of the Federal Bureau of Prisons. (Id.) Plaintiff alleges that Defendants have violated her constitutional rights under the First, Fifth, and Eighth Amendments. (Id.) Specifically, Plaintiff states as follows:

> Plaintiff alleges that she was denied Due Process of Law by the false statements of FBOP witnesses and by denial of her own exculpatory witnesses with respect to the FBOP incident report dated 9-17-09 and that such acts, policies and practices are shocking to the conscience of civilized persons and intolerable in a society purportedly governed by laws and considerations of due process.

(Id.) Plaintiff explains that on September 17, 2019, she received an Incident report for Refusing to Obey an Order, Being Insolent to Staff, and Assault Without Serious Injury in violation of Offense Codes 224, 312, and 307. (Id.) Plaintiff complains that during her UDC Hearing conducted on or about September 26, 2019, Plaintiff "requested Unit Manager C. Snuffer to host an open-house so that witnesses could come forth or provide written statements." (Id.) Plaintiff states that her request was denied. (Id.) Plaintiff states that during the Disciplinary Hearing conducted on November 1, 2019, she again requested that "the Disciplinary Hearing Officer Leslie and Plaintiff's Staff Representative Officer Pat to host an open-house so that inmate witnesses could come forward and/or provide statements." (Id.) Plaintiff complains that her request was again denied. (Id.) Plaintiff indicates that DHO Leslie determined Plaintiff committed Assault Without Serious Injury. (Id.) Plaintiff asserts that she attempted to appeal the charge "through the FBOP administrative remedy program, [but] her initial remedy was rejected by the Regional Level falsely." (Id.) Plaintiff concludes that "Defendant, his agents, employees, with knowledge of Plaintiff's legal matters and/or deliberate indifference to Plaintiff's constitutional rights, Defendant did violate rights secured to the Plaintiff under the First, Fifth, and Eighth Amendments to the United States Constitution." (Id.) Plaintiff requests monetary and

injective relief. (Id.)

On April 2, 2020, Plaintiff filed a Motion to Enter Evidence in Support of Compliant. (Document No. 6.) As Exhibits, Plaintiff attaches the following: (1) A copy of Plaintiff's "Sentence Monitoring Computation Data As of 01-24-2020" (Document No. 6-1, p. 1.); and (2) A copy of the "Discipline Hearing Officer Report" dated November 1, 2019 (Id., pp. 2 – 7.) By separate Order entered this day, the undersigned has granted Plaintiff's Motion to Enter Evidence. Thus, the Court will consider the foregoing Exhibits in conjunction with Plaintiff's Corrected Amended Complaint.

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a person seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's

allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

1. **Improper Defendants:**

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents

4

of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). Thus, Plaintiff improperly names the FBOP and FPC Alderson as Defendants under Bivens. Plaintiff's Bivens action against the FBOP and FPC Alderson should therefore be dismissed.

**2.     Challenge Concerning Plaintiff's Disciplinary Hearing:**

Plaintiff appears to allege that her due process rights were violated because she was improperly convicted during prison disciplinary proceedings of violating Prohibited Act Code 224, Assault Without Serious Injury. (Document Nos. 6-1 and 7.) Plaintiff alleges that Defendants violated her rights by failing to conduct an "open house" so Plaintiff could find unidentified witnesses. (Id.) Plaintiff further appears to contend that DHO Leslie gave improper

5

weight to prison staffs' testimony and erred in finding Plaintiff guilty of the above disciplinary offense. (Id.)

In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Poston v. Shappert, 222 Fed.Appx. 301 (4th Cir. 2007)(applying *Heck* rationale to bar claims for damages under Section 1983 and *Bivens*); Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be

pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that she was denied due process in connection with her prison disciplinary hearing, (2) that her contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that her claim is therefore barred.[3]

3. **Eighth Amendment:**

As a general matter, punishments prohibited under the Eighth Amendment include those that "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v.

---

[3] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes she was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, sentenced prisoners are entitled to reasonable protection from harm at the hands of fellow inmates and prison officials under the Eighth Amendment. See Farmer v. Brennan, 511 U.S. 825, 832-34, 114 S.Ct. 1970, 1976-77, 128 L.Ed.2d 811 (1994); Trop v. Dulles, 356 U.S. 86, 102, 78 S.Ct. 590, 598-99, 2 L.Ed.2d 630 (1958); Woodhous v. Commonwealth of Virginia, 487 F.2d 889, 890 (4th Cir. 1973). Inmates' claims, therefore, that prison officials disregarded specific known risks to their health or safety are analyzed under the deliberate indifference standard of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1316 (4th Cir. 1991) cert. denied, 502 U.S. 828, 112 S.Ct. 97, 116 L.Ed.2d 68 (1991)(Stating that supervisory liability may be imposed where prison supervisors "obdurately," "wantonly," or "with deliberate indifference" fail to address a known pervasive risk of harm to an inmate's health or safety). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to the inmate's health and safety under a subjective standard. Wilson v. Seiter, 501 U.S. 294, 297 - 99, 111 S.Ct. 2321, 2323 - 2325, 115 L.Ed.2d 271 (1991); also see King v. Rubenstein, 825 F.3d 206, 218 (4th Cir. 2016)(quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993))("[T]o make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on

the part of prison officials.'"); Iko v. Shreve, 535 F.3d 225, 239 (4th Cir. 2008)(explaining that the above requirements "spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'") To satisfy the objective component, Plaintiff must show that the challenged condition caused or constituted an extreme deprivation. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). To demonstrate an "extreme deprivation," a plaintiff "must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." Odom v. South Caroline Dept. of Corrections, 349 F.3d 765, 770 (4th Cir. 2003); also see Wilson v. Seiter, 501 U.S. at 298, 111 S.Ct. at 2321(A sufficiently serious deprivation occurs when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities."); White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1991)("In *Strickler*, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") To satisfy the subjective component, Plaintiff must demonstrate a "deliberate indifference" to his health and safety by defendants. In particular, Plaintiff must establish that each Defendant "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, supra, 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case must therefore allege and establish that each Defendant was aware of the excessive risk to Plaintiff's health or safety and each Defendant disregarded that risk.

In her Corrected Amended Complaint, Plaintiff concludes that Defendants violated her Eighth Amendment rights. Plaintiff, however, fails to include any factual allegations explaining how Defendants violated her Eighth Amendment rights. Viewing Plaintiff's Complaint liberally, Plaintiff may be asserting that the restriction on her commissary and telephone privileges resulted in cruel and unusual punishment prohibited under the Eighth Amendment of the United States Constitution. In Overton v. Bazzetta, 539 U.S. 126, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003), the United States Supreme Court held that a prison policy that "uses withdrawal of visitation privileges for a limited period as a regular means of effecting prison discipline" does not result in cruel and unusual punishment. Overton v. Bazzetta, 539 U.S. 126, 137-38, 123 S.Ct. 2162, 2170, 156 L.Ed.2d 162 (2003)(finding a two-year deprivation of visitation privileges did not violate the Eighth Amendment). The Supreme Court explained as follows:

> This is not a dramatic departure from accepted standards for conditions of confinement. Nor does the regulation create inhumane prison conditions, deprive inmates of basic necessities, or fail to protect their health or safety. Nor does it involve the infliction of pain or injury, or deliberate indifference to the risk that it might occur. If the withdrawal of all visitation privilege were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different consideration.

Id., 539 U.S. at 137, 123 S.Ct. at 2170(citations omitted). In the instant case, the record reveals that Plaintiff lost her commissary privileges for two months and her telephone privileges for four months as a sanction for violating Offense Code 224, Assault Without Serious Injury. (Document No. 6-1.) Thus, Plaintiff's privileges were suspended for a limited period-of-time. The Court finds that a two-month suspension of Plaintiff's commissary privileges and a 4-month suspension of her telephone privileges as a means of effecting prison discipline, is not a dramatic departure from accepted conditions of confinement. See Thomas v. Drew, 365 Fed.Appx. 485,

488 (4th Cir. 2010)(no Eighth Amendment violation where inmate's telephone privileges were suspended for more than 50 years as a sanction for "misuse of telephone"); Pevia v. Shearin, 2015 WL 9311970, * 15 (D.Md. Dec. 22, 2015)(finding no Eighth Amendment violation based on the temporary loss of privileges such as visitation, phone use, commissary, and recreation); Alkebulanyahh v. Ozmint, 2009 WL 2043912, *10 (D.S.C. July 13, 2009), aff'd, 358 Fed.Appx. 431 (4th Cir. 2009)(no Eighth Amendment violation where an inmate's visitation privileges were suspended for more than two-years following eleven major disciplinary convictions); Bennett v. Cannon, 2006 WL 2345983, * 2 (D.S.C. Aug. 10, 2006)("There is simply no freestanding constitutional right to canteen privileges at all."). Further, Plaintiff does not allege that she has suffered a significant injury or experienced an extreme deprivation of a basic human need. Although the suspension of Plaintiff's privileges is restrictive, her allegations do not present a claim of constitutional magnitude for which relief can be granted.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 4), **DISMISS** Plaintiff's Complaints (Document Nos. 1,5, and 7), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14)

days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: January 11, 2021.

Omar J. Aboulhosn
United States Magistrate Judge